Curia, per

Wardlaw, J.
By the appeal, the opinion of this Court is demanded upon the sufficiency of the plea and the matter contained in the case stated, to sustain the defence. All objection to the form of pleading has been waived, and for greater simplicity, we will consider the case as if only the general issue and notice of discount had followed the declaration.
The altercation between the parties may be thus stated:
1. The plaintiff, in assumpsit for money had and received, claims to recover from the defendant two sums of money which were received by the defendant in 1838 and 1840, to be placed to the credit of the plaintiff, being the proceeds of the bill on Edmondston & Co. drawn Feb. 28, 1837.
2. The defendant, admitting his receipt of the two sums as alleged, says that, in April, 1843, he paid the whole balance which was then due on the plaintiff’s bond to Rice, having before paid some annual accretions of interest, and that his payments for the plaintiff thus made, included the two sums aforementioned, or, at any rate, were greater than those sums.
3. The plaintiff, admitting the payment by the defendant on the bond, replies that the two sums received by the defendant were not included in those payments, and that against them, no discount which arose from those payments now subsists, for that Jesse P. Taylor (who was guarantor of the defendant and his partners as sureties on the bond) made to the defendant entire reimbursement of all his payments for the plaintiff, and that the plaintiff *397 has refunded to the said Taylor a large portion of the reimbursement and is liable to him for the remainder; so that the defendant has now no demand against either the plaintiff or Taylor, and has in his hands the two sums received by him.
4. The defendant, still insisting that his payments upon the bond must, under the circumstances, be held to include the two sums received by him from plaintiff — admits that he received from Taylor an amount equal to all his payments on the bond, but says that, by mistake, the two sums which had been received for the plaintiff, were in the books of the defendant’s house carried to a wrong account, and so were overlooked by all parties until the year 1850; that in consequence of that mistake, the defendant took from Taylor an excess above what Taylor was bound to pay to him, equal to the two sums aforesaid, which excess he is liable to Taylor for and Taylor looks to him for, there being more than that excess yet unpaid to Taylor by the plaintiff of the amount paid by Taylor to the defendant — and that the plaintiff has, under these circumstadces, no right in conscience or law to recover any thing from defendant, but the defendant, as to the excess he received from Taylor, may retain it to make the return he is bound to make to Taylor, and, as to the two sums he originally received, has either paid them, or has against them a . discount of equal amount, of which no legal and substantial payment has been made to him.
5. The plaintiff, admitting the mistake made by the defendant, and that an amount, as stated, is yet unpaid to Taylor by plaintiff, denies the right of the defendant to interpose Taylor, to whom the plaintiff himself is answerable, and urges his own right to recover money received for his use, and now in defendant’s hands subject to no valid discount.
The questions which arise are — first, did the payments made by the defendant on the bond include the two sums received for the plaintiff? and, if not — second, has the plaintiff or Taylor so paid to the defendant the discount, which arose from the payments that defendant as surety of the plaintiff made on the bond, that the discount is extinguished, whilst the liability of *398 the defendant to the plaintiff for the two sums originally received continues 1
First. If the two sums received by defendant were included in his payments on the bond, they have been, in effect, paid on' the bond by the plaintiff through the defendant, his agent; and a proper statement of the transaction between the plaintiff and defendant would shew, on one side, money received by defendant for plaintiff, and, on the other, money paid by defendant for plaintiff, so as to constitute, not a liability against which a discount is set off, but an account current, wherein items of debit and credit neutralize each other to such extent that the balance is the only true indebtedness.
Entire payment of the bond by the plaintiff, either directly or through the agency of the defendant, would have been a performance of all that his own obligation required, and of all that Taylor had guaranteed to the defendant. After that, the plaintiff could have been in no way liable to the obligee of the bond, to the defendant, or to Taylor; nor could Taylor have been liable to the defendant. Any unlawful exaction subsequently made by defendant from Taylor, either wilfully or through mistake, to which plaintiff in no way contributed, could not have given any action against plaintiff to Taylor, but would have been only matter for complaint by Taylor against the defendant. A repayment of such exaction by plaintiff to Taylor, made in ignorance of the facts, would, in consideration of the relations which subsisted between the parties, have been construed to be a payment by plaintiff for defendant, under request implied from the circumstances, and so would, in effect, have given to the plaintiff, after such repayment, that right to recover back from the defendant, which before the repayment Taylor had.
The same rules which would have governed in case of an entire payment of the bond by the plaintiff, apply to any partial payment made by him.
Whether the defendant did really pay upon the bond the two sums received by him from plaintiff, so as to bring the case within the preceding propositions, is a question to be decided by *399 a consideration of the circumstances attending the transaction and of the law applicable to them. On the one side are urged the directions given by the plaintiff, and the rights of the defendant and his guarantor; on the other, the acknowledgments of the defendant contained in his subsequent dealings with Taylor.
We have no direct evidence of plaintiff’s directions to defendant, besides these words in Broun’s letter covering the bill on Edmondston — “ place to the credit of Col. Campbellbut the defendant insists that the remittance was, as understood by the plaintiff and himself, intended to go upon the bond, and that of this there is sufficient circumstantial evidence. For the plaintiff, it is said that he was a planter, needy and sanguine, more likely in those days of speculation' and excitement, to send to Charleston, where he had before purchased, for more negroes, than to anticipate the demands of his creditors by a large payment on a bond which had yet four years to run. For the defendant, it is said, that the letter from Broun shews that the plaintiff had instructed his factor to remit, by the first day of March, 1837, and that that was the day for the first payment of interest on the bond : that the right to require the obligee to accept payment of any portion of the principal at any time that might suit the conveyance of the obligors, earlier than the day of payment fixed in the condition of the bond, had been carefully secured by an indorsement on the bond; that the sum directed to be remitted, was a little less than enough to pay the first year’s interest and half of the principal of the bond, and had been received by the plaintiff from his factors as an advance on a shipment of cotton; that Mrs. Raoul, a female friend of the plaintiff, was then bound to indemnify the sureties to the bond; that no other directions of the plaintiff concerning the remittance, nor other debt from him to the defendant or other person in Charleston has been shewn, and that the money should have been intended to lie unproductive in defendant’s hands, whilst interest was running ¿gainst the plaintiff, which the defendant was required to pay, is wholly improbable; and that reasons for the prepayment on the bond which was designed, may be found *400 in the uneasiness of Mrs. Raoul or of the defendant, which is to be inferred from the letter of guaranty given by Taylor soon after the dishonor of the bill by Edmondston.
A majority of the Court, after carefully weighing the circumstances, find a decided preponderance on the side of the defendant as to this matter, and believe that, according to an understanding which subsisted between the plaintiff and defendant, the defendant was expected to receive the proceeds of the bill at its maturity and immediately to apply them to the bond; that expectations were disappointed, and the subsequent mistakes somehow produced, by the dishonor of the bill; but that no contrary directions were given by the plaintiff, and that the defendant, at the time of his final payment on the bond, was authorized to include in the payment the balance of the two sums he had received for the plaintiff that remained after the payments of interest out of those sums, which he had previously made and been authorized to make.
Independently, however, of the evidence of plaintiff’s actual wishes and intention, which we thus collect from the circumstances, we are of opinion that the defendant, considered merely as an agent having in his hands money standing to the general credit of the plaintiff, without any instructions for its application, when he was compulsorily required to pay the bond as surety for plaintiff, thereby acquired authority to pay with this money. Soon as a surety pays, he acquires an action against his principal, for money paid at the request of the principal: the request is implied: and a request to pay for a principal, contains, in itself, an authority to apply to the payment what is held for the principal and not specifically appropriated. A payment for the principal in such a case, is equivalent to a payment to the principal, and is a discharge of the agent’s liability for the money he held, not by discount but by payment.
With this view of the defendant’s rights and of the plaintiff’s intentions, the conclusion might easily be attained, that the money received by defendant was paid on the bond, and is not now in his hands. If this be so, the plaintiff, of course, cannot *401 recover that money; nor can he recover the second sum of money equal in amount, which the defendant took from Taylor, and which Taylor was not liable for after plaintiff had paid it on the bond. We have said that, by paying this second amount to Taylor, plaintiff would have entitled himself to claim from the defendant so much money which defendant was liable to refund to Taylor, and which plaintiff had paid to Taylor at the request of defendant, as would have been implied: — but before he has paid it, plaintiff is nowise injured by the exaction from Taylor of what had been before paid. Will it be said that plaintiff is liable to Taylor, and, therefore, should recover from defendant? We speak now upon the supposition that the defendant paid on the bond the money he received for plaintiff. Let it be remembered that Taylor has not the rights of the obli-gee of the bond, and that he incurred no responsibility to the obligee. What the exact contract between him and the plaintiff was, we are not informed, but we will suppose that he has against the plaintiff the ordinary rights of a surety. As to him, then, the plaintiff was principal and the defendant the creditor. What the defendant could have recovered from the plaintiff, and no more, defendant could have recovered from Taylor, and Taylor, after payment, have recovered from the plaintiff. Now, if plaintiff had placed in defendant’s hands money for payment of the bond, and defendant had embezzled it. the plaintiff would still have been liable to the obligee ; but no subsequent payment by defendant could have given him a right to recover from the plaintiff, or to look to Taylor; and as a discharge of plaintiff from liability to defendant was a discharge from the incidental liability to Taylor which might have accrued from Taylor’s meeting the plaintiff’s obligation, it follows that any payment on the bond made by plaintiff, or by defendant, with plaintiff’s money, was, pro tanto, a bar of all recourse by Taylor to plaintiff : and that, therefore, upon the supposition we have made, the plaintiff cannot, before repayment to Taylor, urge his liability to Taylor as the ground of an action against defendant to recover the money improperly obtained by the defendant from Taylor.
*402 But against the conclusion that the two sums received by defendant for plaintiff, were paid on the bond, which seems naturally to follow from our view of the plaintiff’s intentions and defendant’s rights, the plaintiff urges the account stated by defendant with Taylor, the notes and monies received from him, the bond and judgment, transferred to him, and the receipts and distinct acknowledgments given by defendant of entire repayment to him of all he paid on the bond, and of entire satisfaction received by him from Taylor of all demands against both plaintiff and Taylor. Some of these matters consist as well with defendant’s resort to Taylor, for what he paid over and above the sums received for plaintiff, as with his resort to him for the whole amount paid on the bond : but they, nevertheless, shew the most unequivocal declarations made by defendant, that Taylor was liable to him for the whole amount of his payments on the bond, and of consequence that he did not pay the plaintiff’s money on the bond, but has that yet in his hands. Is the defendant so concluded by these declarations, that he cannot now shew the truth in opposition to them % They proceeded from the same mistake which originally prevented the entry to plaintiff’s credit of the sums received for him. Every person who has been misled by the mistake to do what would not otherwise have been done, may insist that the defendant is bound to repair the damage which has been thereby occasioned; in effect to abide by the mistake or to correct it, as the interests of that person may require : but we cannot perceive how the plaintiff has been at all misled or affected. By reason of all that has ensued from the mistake, he has paid nothing which otherwise he would not have paid, nor paid to any body who would not otherwise have been his creditor, nor incurred any additional liability. If the declarations had been wilfully false, as if defendant had knowingly paid the whole bond with plaintiff’s money, and then fraudulently obtained the same amount from Taylor, however plainer or more extensive may have been Taylor’s remedy against defendant than now it is, without some injury to plaintiff, no action to him would thence have accrued. *403 Unintentional impositions upon Taylor, which contain an acknowledgment of rights in the plaintiff that do not really exist, should not have any greater effect in favor of the plaintiff or against the defendant. It was the defendant’s interest to apply to the bond the money he held for plaintiff, rather than his own: it was his own right to do so, and it was his duty to do so for the relief of his guarantor. He was like a creditor having in hand money of the principal under circumstances which would have made his payment of the money to the principal, a discharge of the surety pro tanto. His retention of the money, then, and advance of a like sum from his own funds, was a thing improbable in itself, and contradictory of the conclusion which would be drawn from proof of his receipts and payments, unaccompanied by any subsequent acts or declarations. His retention is not what was subsequently acknowledged, but is only an inference which is deduced from the subsequent acts that amount in fact to a denial of his receipts. That denial resulted from mistake, and it is fair when evidence of the mistake has contradicted the denial, to let it also contradict the retention; when it has established the receipt to let it also establish the payment, which the acts done would have shewn if there had been no mistake. Whether the defendant retained or paid on the bond the very identical money he received for plaintiff, he had not the right to take an equivalent amount from Taylor, and is liable to refund to Taylor so much which Taylor paid to him in ignorance of facts induced by his mistake. The supposition of payment is more consistent with all that occurred before the transactions with Taylor, than the supposition of retention : Taylor’s rights are the same under either supposition ; and there is no equity on the part of the plaintiff, which should induce us, now that mistakes have been explained, to hold the defendant to the erroneous acknowledgment that a greater sum paid did not include the sums received by him, contrary to what his interest, his rights and his duty would have suggested. We conclude, then, that the payments made by the defendant, on the bond, did include the sums received by him for the plaintiff. •
*404 Second. — Our decision of the first question, determines the case in favor of the defendant; but as that question involves disputed facts, it may be worth while, and is due to the arguments which have been addressed to us, to consider the second question we have stated above, — in other words, to inquire what would be the result if a different conclusion were attained on the first.
The plaintiff’s intentions in making the remittance, may have been different from what we have inferred: or the defendant may have been directed to apply the money he received to the bond, yet have disregarded those directions ; or it may have been his right and duty to make application of the plaintiff’s money to the bond, yet the right may have been waived and the duty neglected. If we give full effect to the acknowledgments he has made, and- suppose that the money he received for plaintiff is yet in his hands, he certainly, paid an equal or greater amount as surety for the plaintiff, whereby a discount accrued to him which would counterbalance and defeat the present demand of the plaintiff, unless that discount has been paid to him. It has been paid, it is said, by Taylor, and therefore the plaintiff’s original demand now subsists, no longer subject to cross-action.— Has it been paid by Taylor 1
What Taylor was really liable for, the amount of defendant’s payments above the sums received for plaintiff, has been paid by Taylor, and for that amount Taylor can-have recourse to plaintiff, and to plaintiff only; but what Taylor was not liable for, that is, so much of the discount as equalled plaintiff’s money in defendant’s hands, has not been paid, because, as the case shews, Taylor, upon discovery of the mistake under which he ■ acted, has disaffirmed the payment, and treated the transaction as an unlawful exaction from him, which the defendant must repair. So much money passed from Taylor to defendant, and defendant acknowledged it be a payment; but the discovery of the mistake has shewn that it was really an advance of money to defendant which belongs to- Taylor. However defendant may have been free to waive his own rights, so far as he only was *405 affected, he could not waive the rights of Taylor when he made payment of the bond. Conceding that he paid his own money, and not plaintiff’s, we see that he acquired a discount equal to what he retained ; Taylor had a right to require him to insist on the discount, rather than resort to the guaranty, and a payment made by Taylor, through mistake of the facts in wrong of himself, becomes, upon his disavowal of it, before laches can be imputed to him, altogether unsubstantial; it is the defendant’s duty to undo it, and Taylor’s right to have it undone.
It is said, however, that defendant has not yet repaid to Taylor, and may never do so; that until his repayment at least, his acknowledgment that the discount is paid should prevail; that plaintiff is liable to Taylor, and as in an action of Taylor against the plaintiff the discount would be considered paid, so should it be considered paid in this action of plaintiff against the defendant.
The evidence of defendant’s liability to Taylor would suffice for Taylor’s recovery-against the defendant, and recovery against defendant by Taylor, would be no less effective to enforce defendant’s duty of refunding, than recovery by plaintiff. The right to the money to be refunded is in Taylor, unless it has been acquired from him by plaintiff, and the admission that by defendant’s repayment to Taylor plaintiff would be barred, contains an admission that the right is not in plaintiff, so as to be beyond Taylor’s interference. By plaintiff’s paying to Taylor what had been paid by Taylor, plaintiff would have acquired Taylor’s right, or by any other distinct act of confirmation done after discovery of the mistake, Taylor and plaintiff might have expressed their option to abide by what had been done, so that Taylor should look to plaintiff and plaintiff to defendant; but without any such act, plaintiff’s recovery against defendant could not bar Taylor’s right to recover against defendant; and so, if plaintiff could recover against defendant, defendant would be liable to two judgments at the suit of different plaintiffs for the same money ; and after such judgments could not make satisfaction of one work satisfaction of the other. If the defendant *406 is liable to only one of the two, which one that shall be is to be determined, not by the accident of which shall first bring to trial a case against him where he has paid neither, but by inquiry which has the right. Defendant’s failure to repay Taylor does not, then, shew that the discount is paid, as it does not affect Taylor’s right to disavow the payment, or establish any right in plaintiff which the repayment, would have taken away.
The plaintiff’s liability to Taylor, urged as an argument for holding the discount to be paid, also requires examination. Taylor cannot have double satisfaction. If the unlawful exaction from him has produced a new relation of the parties, so that as to it he is the creditor, .defendant is the principal, and plaintiff is the surety, he might recover separately against both defendant and plaintiff — satisfaction of one recovery would be a satisfaction of both — satisfaction by defendant would end all liabilities —satisfaction by plaintiff would give to him an action against the defendant. But the original contract of principal and surety which.we have supposed to-exist between plaintiff and Taylor, could hardly be varied by an improper exaction from Taylor, so as to establish the new relation we have suggested, without some default or laches imputable to plaintiff. Under the original contract, plaintiff would be liable to Taylor for whatever Taylor had paid as surety, — not for advances unintentionally made by Taylor to the creditor, the defendant, which Taylor' says could not have been required from him as surety and were not payments. If for such advances Taylor should sue plaintiff, the same evidence that would enable Taylor to recover from defendant, would, without some default or laches of the plaintiff altering the case, enable, the plaintiff to defeat Taylor. A material part of that evidence is that Taylor has chosen to look to the defendant; that is, that having the right to affirm or disaffirm his payment after discovery of the mistake under which he acted, he has said that it was not a payment. Proof of his dis-affirmance in his dealings with defendant, would prevent his affirming that it Was a payment when he resorted to plaintiff afterwards. If before the discovery of the mistake Taylor *407 should have recovered judgment against the plaintiff, satisfaction of the recovery would, as we have said, sustain the plaintiff’s action against the defendant; but before satisfaction, Taylor would not by that recovery be precluded from the resort to defendant, which the discovery gave him a right to make; and subsequent payment by defendant to Taylor would be the foundation of proceedings by which the plaintiff could compel Taylor to enter satisfaction of the judgment against plaintiff.
We conclude, then, that if the defendant is driven to rely upon his discount, the plaintiff cannot maintain that that has been paid.
The plaintiff’s demand of the money originally received by defendant is met by proof of either payment, or an equivalent discount; his demand of the money improperly received from Taylor is met by proof that it belongs to another person, and that the plaintiff, although connected with the transaction, stands in no better condition than a surety suing his principal before the surety has made payment to the creditor, or a party who has been requested to pay a debt suing the debtor before the request has been performed.
We have considered the case throughout as one really between the parties on the record. The defendant, we think, stands for himself, and is not strengthened by any implied trust for Taylor; his liability to Taylor is only incidentally introduced, as part of the existing case, which shews that the plaintiff ought not to recover. The plaintiff fails because he has no right ex equo et heno to have the money in question, not because the defendant has a right to keep it. Like a stakeholder, the defendant opposes one claimant by shewing that another has a right to the thing in controversy, which cannot belong to both.
If it were suggested that the defendant here might rightfully be made liable to both the plaintiff and Taylor, because from his mistake the case has proceeded, the answer would be made by inquiring how that mistake has injured the plaintiff; or wherefore should justice require more than that matters should be *408 restored to the condition they would have been in, if no mistake had occurred.
The rights of other persons, creditors of the plaintiff, have been intimated to the Court, and it has been asked why the defendant should be allowed to assume a trust, which enables him to satisfy one creditor of the plaintiff to the exclusion of others not less meritorious. We answer that no creditor of the plaintiff besides the defendant, can in this case receive notice, or advance his interests, except through the plaintiff. Taylor is noticed not as a cestui que trust, nor as a party directly interested, nor as a creditor of the plaintiff, but as a third person whose rights have been shewn to be inconsistent with the claims of the plaintiff It would be permitting the plaintiff to assume the' office of a representative, and to make himself without the consent of Taylor, debtor to Taylor for what defendant owes Taylor, if we should permit him to recover the money which Taylor improperly paid, or to defeat the defence' as to the sums first received, upon grounds which imply his right to Taylor’s advances made through mistake.
We have not said any thing of the Alabama judgment which was much spoken of in the argument. It seemed unnecessary to do so ; for if the legal right to that judgment was in the defendant, it would not make more plain the right, which under his discount arises from his payment as surety on the bond. It may be that the plaintiff is by that judgment, estopped from now urging against it the valid matters of discharge, which, if urged at the right time, would have prevented its recovery; but the legal right to the judgment is in DeSaussure, the beneficial interest being in Taylor, and technical objections forbid the defendant’s setting it up as a discount, as they would forbid his suing on it here in his own name. No technical objection exists to the discount for money paid, because the defendant is the sole survivor of Boyce & Co.
It is, therefore, ordered that the verdict be set aside, and that under the agreement contained in the case stated, judgment be *409 entered for the defendant, subject to the adjustment of the account as there mentioned.
O’Neall, Evans and Whitnee, JJ. concurred.

Motion granted.